```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/18/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELAINE JEFFERSON.,

                      Plaintiff,

-against-

MTA, et al.,

                      Defendants.

25-CV-05074 (MMG)

**MEMORANDUM**
**OPINION AND ORDER**

MARGARET M. GARNETT, United States District Judge:

    Plaintiff, proceeding *pro se*, commenced this action on June 17, 2025, by filing a complaint against the Metropolitan Transit Authority ("MTA"), the City of New York, the State of New York, and the United States of America. *See* Dkt. No. 1. The Complaint alleges "real property theft" and "unauthorized construction" related to the MTA's proposed acquisition of permanent property interests in Harlem for construction of the Second Avenue Subway. *Id.* at 5. The complaint seeks to enjoin construction of the Second Avenue Subway and seeks "physical, emotional distress, financial, historical, [and] cultural damages." *Id.* at 6.

    Also on June 17, 2025, Plaintiff moved by Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order to immediately enjoin "any and all public, private or virtual meetings" and "any and all construction [and] digging" related to the Second Avenue Subway project. Dkt. No. 4 at 1. In her submission, Plaintiff states various grievances relating to MTA policies and objects to the inconvenient scheduling of a June 17, 2025 public hearing regarding Phase 2, Contract 2 of the Second Avenue Subway project, which was held pursuant to the public hearing requirement of Article 2 of the New York State Eminent Domain Procedure Law. *See* Dkt. No. 4 at 4–5; N.Y. Em. Dom. Proc. Law § 201. Plaintiff also references the prior discovery of archeologically significant human remains in Harlem and avers that by "tunneling through 400 years of indigenous and immigrant artifacts," the construction of the Second Avenue Subway "will most likely reveal more bones." *Id.* at 3.

    To obtain a temporary restraining order or preliminary injunction, a party must demonstrate "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair grounds for litigation and a balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, L.L.C. v. Hometown Info., Inc.*, 375 F.3d 190, 192 (2d Cir. 2004). "Such relief, however, 'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

    Plaintiff plainly has not shown irreparable harm that requires emergency relief to remedy. To the extent the motion identifies ongoing or imminent harms, it is not clear that Plaintiff has standing to assert those claims, and thus cannot show likelihood of success on the merits sufficient to justify the extraordinary remedy of emergency *ex parte* relief. Moreover, to the

extent Plaintiff seeks judicial intervention with respect to the MTA's acquisition of property under New York Eminent Domain Procedure Law, that claim is not yet ripe, and the proper venue is not this Court. *See* N.Y. Em. Dom. Proc. Law § 207 ("The jurisdiction of the appellate division of the supreme court shall be exclusive and its judgment and order shall be final subject to review by the court of appeals . . . .").

Accordingly, Plaintiff's motion for a temporary restraining order and preliminary injunction is DENIED. Once the defendants have all been properly served, the Court will set an appropriate schedule to address the request for injunctive relief.

Dated: June 18, 2025
New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge