USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___3/18/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELAINE JEFFERSON,

Plaintiff,

-against-

MTA, et al.,

Defendants.

25-CV-05074 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiff Elaine Jefferson ("Plaintiff"), proceeding *pro se*, asserts various claims against the Metropolitan Transit Authority (the "MTA"), the City of New York (the "City"), the State of New York (the "State"), and the United States of America (the "United States") in connection with the planned expansion of the Second Avenue Subway in Manhattan (the "Project"). *See* Dkt. No. 1 ("Complaint" or "Compl."). The MTA moves to dismiss the Complaint for lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim, and the City moves to dismiss the Complaint for failure to state a claim. Plaintiff has not responded to either motion. She has also failed to serve either the State or the United States. For the reasons that follow, the Complaint is dismissed in its entirety for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff is a resident of Harlem who objects to the MTA's acquisition of property interests in that neighborhood in relation to the Project. *See* Compl. at 3–5. She filed the Complaint on June 17, 2025, asserting ill-defined claims under equally ill-defined causes of action. The Complaint alleges violations of unspecified "county, city, state, [and] federal laws," and accuses the MTA of "real property theft" and "unauthorize[d] construction" on land that is "federally perserved [*sic*] and historically relevant." *Id.* at 5. Plaintiff references the prior discovery of

1

archeologically significant human remains in Harlem and avers that by "tunneling through 400 years of indigenous and immigrant artifacts," the Project "will most likely reveal more bones." Compl. at 8. She also raises assorted policy questions, including: whether "Chief Eagle Eye" was ever consulted for the Project; whether the Project "respect[s] our indigenous and immigrant ancestors;" how the Project will improve the quality of life of Harlem residents; why MTA buses are not free; why the MTA is not "building support services interested in Harlem's young men;" and why the MTA does not "invest in Harlem's Young men teaching auto repair and maintenance." *Id.* Plaintiff alleges she has suffered "physical, emotional distress, financial, historical, [and] cultural" injuries. *Id.* at 6.

The same day she filed the Complaint, Plaintiff also moved by Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order to immediately enjoin "any and all public, private or virtual meetings" and "any and all construction [and] digging" related to the Project. Dkt. No. 4 at 1. In her submission, Plaintiff restates her grievances from the Complaint and her objections to the inconvenient scheduling of a June 17, 2025 public hearing regarding "Phase 2, Contract 2" of the Project, which proceeded pursuant to the public hearing requirement of Article 2 of the New York State Eminent Domain Procedure Law. *See* Dkt. No. 4 at 3–5; N.Y. Em. Dom. Proc. Law § 201. The Court denied the requested preliminary relief on June 18, 2025. *See* Dkt. No. 6 at 2. In its decision, the Court noted that Plaintiff likely did not have standing to assert her claims and that she "plainly has not shown irreparable harm that requires emergency relief to remedy." *Id.* at 1.

Plaintiff purports to have served the summons and Complaint on the MTA and the City on June 17, 2025. *See* Dkt. Nos. 22, 23. She has yet to file proof of service as to the State or the United States. On July 7, 2025, the MTA moved to dismiss the Complaint for lack of subject

matter jurisdiction, insufficient service of process, and failure to state a claim. *See* Dkt. Nos. 7, 13. On July 8, 2025, the City moved to dismiss the Complaint for failure to state a claim, arguing that it is not a proper defendant because it is legally distinct from the MTA and is not responsible for the Project. *See* Dkt. Nos. 14, 16. After Plaintiff failed to respond to the motions or otherwise litigate this case for several months, the Court entered an order on December 8, 2025, directing her to file any opposition to the pending motions and to properly serve the State and the United States by January 9, 2026. *See* Dkt. No. 24. The Court's order explicitly warned Plaintiff that if she "fails to complete service or to show good cause for her prior delay, the Court will dismiss the State and the United States from this action" and that if she "fails to oppose the motions by January 9, the Court will deem the motions unopposed and consider them on their merits." *Id.* To date, Plaintiff has filed nothing on the docket since filing proofs of service on July 7, 2025, and she has not responded to the Court's December 8, 2025 order or communicated with the Court in any way. The Court therefore deems the pending motions unopposed.

## DISCUSSION

"When a party moves for dismissal under Rule 12(b)(1) and on other grounds, courts consider the Rule 12(b)(1) challenge first." *Whyte v. Bayview Loan Servicing, LLC*, No. 21-CV-3301 (PKC) (LB), 2022 WL 4484664, at *3 (E.D.N.Y. Sept. 27, 2022). "This is because if a court determines that it lacks subject-matter jurisdiction, then the defendant's 'other defenses and objections become moot and do not need to be determined.'" *Id.* (quoting *Daly v. Citigroup Inc.*, 939 F.3d 415, 426 (2d Cir. 2019)). "[T]he party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998). "Although courts must liberally construe pleadings and briefs submitted by *pro se* plaintiffs, a *pro se* plaintiff must still establish subject matter jurisdiction." *Williams v.*

*Samaritan Daytop Vill. Woodside Senior Ctr.*, No. 23-CV-10323 (JLGC) (VF), 2025 WL 850547, at *3 (S.D.N.Y. Jan. 29, 2025), *report and recommendation adopted*, 2025 WL 836834 (S.D.N.Y. Mar. 14, 2025).

Federal courts are courts of limited jurisdiction, and they generally have subject matter jurisdiction only over cases that present a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332; *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Here, diversity of citizenship is clearly lacking, and Plaintiff invokes only federal question jurisdiction. *See* Compl. at 2. Federal question jurisdiction may properly be invoked only if the complaint "plead[s] a cause of action created by federal law" or "turn[s] on substantial questions of federal law." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016).

To the extent the Complaint pleads any cause of action at all, it does not raise a federal question. The Complaint is based on the form complaint made available to *pro se* plaintiffs in this District, and in the section asking Plaintiff to specify the "federal constitutional or federal statutory rights [that] have been violated," Plaintiff states only "ownership of land." Compl. at 2. Notably, Plaintiff does not assert that she has any ownership interest in relevant land, but even if she did, she does not raise a federal question given that "[o]wnership of property is generally a question of state law." *Levin v. JPMorgan Chase Bank, N.A.*, 751 F. App'x 143, 147 (2d Cir. 2018). Beyond vaguely alleging violations of "county, city, state, [and] federal laws," Compl. at

4

5, the Complaint does not anywhere identify an applicable federal law or allege any facts suggesting a claim arising under federal law.[1]

Moreover, even if Plaintiff's claims arose under federal law, she would have no standing to assert them. "[S]tanding is a threshold matter of justiciability, and if a plaintiff lacks standing to sue, the Court has no choice but to dismiss the plaintiff's claim for lack of subject-matter jurisdiction." *Tavarez v. Moo Organic Chocolates, LLC*, 623 F. Supp. 3d 365, 370 (S.D.N.Y. 2022). "To satisfy constitutional standing requirements, a plaintiff must prove: (1) injury in fact, which must be (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013). The Complaint references "physical, emotional distress, financial, historical, [and] cultural damages" in summary fashion, Compl. at 6, but fails to identify any concrete and particularized harms to Plaintiff that are fairly traceable to Defendants' conduct. The allegations of "real property theft" and "unauthorized construction," *id.* at 5, suggest the possibility of concrete injuries to <u>someone</u>, but Plaintiff has not alleged that she has any legal interest in the property in question. Rather, it appears that Plaintiff seeks relief on behalf of others in the Harlem community, or on behalf of the community at large. *See id.* at 8–9. However, courts consistently hold that a *pro se* litigant does not have standing to sue on behalf of others. *See Singleton v. Wulff*, 428 U.S. 106, 114 (1976) ("Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party."). Similarly, to the extent Plaintiff seeks to vindicate her general right as a citizen to object to government action, such an

---

[1] Plaintiff makes passing reference to "federally perserved [*sic*]" land, Compl. at 5, but fails to allege facts suggesting that any of her claims arise from federal law regarding the preservation of land, or that she would have standing to assert any such claims.

interest cannot confer Article III standing. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 576 (1992) (holding that "[v]indicating the *public* interest (including the public interest in Government observance of the Constitution and laws) is the function of Congress and the Chief Executive," not the courts).

## CONCLUSION

For the foregoing reasons, the MTA's motion to dismiss (Dkt. No. 7) is GRANTED. Because subject matter jurisdiction is lacking entirely, the Court also *sua sponte* dismisses the claims against the City, the State, and the United States.[2] The City's motion (Dkt. No. 14) is therefore DENIED as moot.

The Clerk of Court is respectfully directed to dismiss all claims against all Defendants without prejudice, and to CLOSE this case.

Dated: March 18, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

---

[2] Because of the failure to serve the State or the United States, despite instructions from the Court to do so or risk dismissal, the claims against the State and the United States could also be dismissed for failure to serve or failure to prosecute under Federal Rule of Civil Procedure 41.

6